IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TONYA PATRICE THOMAS,<br><br>Defendant. | CR-10-62-GF-DLC-RKS-01<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Tonya Thomas was accused of violating her conditions of supervised release consuming hydrocodone without a valid prescription on three occasions. She admitted to the violations. She should be required to remain in custody through June 21, 2013, and to remain on supervised release for 34 months after her release.

## II. Status

Ms. Thomas pleaded guilty to Bank Fraud in 2010. CD 18. She was

1

sentenced in November 2010 to 12 months incarceration, to be followed by three years supervised release. CD 28. Ms. Thomas signed the terms of her supervision on January 4, 2012. CD 31.

**Petition**

The United States Probation Office filed a petition on June 3, 2013, asking the court to revoke Ms. Thomas' supervised release. CD 31. The petition alleged that Ms. Thomas violated Standard Condition #7 of her supervised release by consuming hydrocodone without a valid prescription on three occasions. CD 31. Based on the petition, the undersigned issued a warrant for Ms. Thomas' arrest. CD 32.

**Initial Appearance**

Ms. Thomas was arrested on June 5, 2013. CD 39. She made an initial appearance before the undersigned on June 6, 2013. Ms. Thomas was represented by Federal Defender Anthony Gallagher. Federal Defender R. Henry Branom was appointed to represent her in future proceedings. Assistant United States Attorney Laura Weiss represented the United States. The undersigned explained that this court would hold a revocation hearing, and based on that hearing would submit findings and recommendations to the Hon. Dana L. Christensen, United States District Judge, who would then make a decision on revocation and sanctions. Ms.

Thomas was advised that she may object to the recommendation, and has a right to allocute before Judge Christensen. She was instructed that she must properly object to the recommendation in order to ensure her right to appear before Judge Christensen is preserved.

Ms. Thomas said she had read and understood the petition. Ms. Weiss moved to dismiss a section of the petition – the second paragraph in the narrative describing the alleged violation. The government had learned that the paragraph, alleging one instance of hydrocodone use without a prescription was inaccurate. Mr. Gallagher did not object, and the motion was granted. Thus, the amended petition alleged Ms. Thomas violated her supervised release conditions by improperly using hydrocodone on two occasions, not three.

Ms. Weiss stated that Ms. Thomas could be sentenced to as much as 36 months imprisonment if her supervised release is revoked. Mr. Gallagher agreed. Ms. Thomas waived her right to a preliminary examination. A revocation hearing was scheduled for June 13, 2013. Ms. Thomas was ordered detained pending the hearing.

**Revocation Hearing**

Ms. Thomas appeared at the revocation hearing before the undersigned, represented by Mr. Branom. The undersigned reminded her about the Findings and

Recommendations procedure, including her right to object to the recommendation and appear and allocute before Judge Christensen.

Ms. Thomas admitted to consuming hyrdocodone in violation of her supervised release conditions, as alleged in the amended petition. The undersigned believes the admission adequately establishes a violation, and that the violation warrants revocation, and invited the parties to discuss an appropriate sanction. The undersigned noted that Ms. Thomas' had submitted two letters to the court prior to the revocation hearing: the first from Montana State University, offering Ms. Thomas admission to online class in the summer of 2013; and the second from Ms. Thomas herself to the court, explaining factors that contributed to her substance abuse and requesting a non-custodial sentence. See CD 38-1. The letters were admitted into evidence and considered to determine a sanction.

Mr. Branom requested a sanction consisting of the time Ms. Thomas had served in jail awaiting the revocation hearing (about a week), and continued supervised release. Mr. Branom argued that Ms. Thomas' acceptance to Montana State University is exactly the kind of progress supervised release is meant to encourage, and she could lose that opportunity if she is incarcerated. Mr. Branom said that the week Ms. Thomas already spent in jail was a wake-up call, and she understood the seriousness of her violations. Mr. Branom also argued that Ms.

Thomas is not a danger to the community.  Neither her underlying conviction nor her violation were violent or involved the distribution of drugs to others.

Mr. Weldon requested a sentence within the guideline range of 4 to 10 months imprisonment.  Mr. Weldon agreed that Ms. Thomas' acceptance into college showed potential, but argued that it also demonstrated that she had the she has the capacity to seek whatever help she needs to comply with her supervised release conditions.  Mr. Weldon said that Ms. Thomas had breached the court's trust, and needed to be sanctioned.

Ms. Thomas addressed the court.  She said that she take responsibility for her actions.  She apologized to her probation officer for her noncompliance.  Ms. Thomas said her drug addiction will present her with a lifelong challenge, but she believes she has the strength to confront that challenge.

### III.  Analysis

Ms. Thomas' supervised release should be revoked. She admitted to violating the conditions of her release by consuming hydrocodone without a prescription on several occasions.

Ms. Thomas' violation grade is C.  Her criminal history category is II.  Her underlying offense is a Class B felony.  Under those circumstances, the sentencing guidelines call for 4 to 10 months imprisonment.  US Sent. Guidelines, Ch. 7.

Ms. Thomas should be sentenced to incarceration until June 21, 2013. Including the time she spent in custody awaiting the revocation hearing, that will result in about two weeks of time in custody. Some custodial time is warranted. Ms. Thomas violated conditions despite the effort of her parole officer, and appears to have been deceptive toward her parole officer. However, a substantial departure downward from the guidelines is appropriate. Ms. Thomas has secured college admission and funding, and intends to commence classes at the beginning of July 2013. Her violation, while serious, does not justify derailing her progress.

However, Ms. Thomas should be committed to a supervised release term of 34 months, to commence immediately upon her release. The supervised release term should include those conditions previously imposed, along with an additional condition that Ms. Thomas remain enrolled and actively participating in college courses for the duration of her supervised release or until she earns a degree. The recommend downward departure is meant to provide Ms. Thomas an opportunity to improve her life through education. Supervised release with the recommended condition will help ensure she does so. It is also clear that she needs structure and support to help her confront her addiction.

### IV. Conclusion

Ms. Thomas was advised that the above sentence would be recommended to

Judge Christensen. She was once again reminded that she has a right to appear and allocute before Judge Christensen, but must object to these Findings and Recommendations within 14 days of issuance to preserve that right.

In the hearing, Ms. Thomas waived her right to object. After the hearing, the United States filed a notice of waiver to object. CD 40.

The Court makes the following **FINDINGS:**

1. Ms. Thomas violated Standard Condition #7 of her supervised release by consuming hydrocodone without a valid prescription.

2. The parties have been fully informed of their right to object to these Findings and Recommendations, and have voluntarily waived that right on the record.

The Court makes the following **RECOMMENDATION:**

1. The District Court should enter the attached Judgment, revoking Ms. Thomas' supervised release and ordering her detained until June 21, 2013, with 34 months supervised release to follow.

2. Given the short period until Ms. Thomas is to be released under these recommendations, the District Court should enter a Judgment in this case at its earliest convenience.

Dated the 13th day of June, 2013.

/s/Keith Strong
Keith Strong
United States Magistrate Judge